**CYNDEE L. PETERSON**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**Email: Cyndee.Peterson@usdoj.gov**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 16-40-GF-BMM** |
| **Plaintiff,** | |
| **vs.** | **GOVERNMENT'S TRIAL BRIEF** |
| **RONALD RAY HORNER,** | |
| **Defendant.** | |

The United States, by and through its counsel, Cyndee L. Peterson, Assistant

U.S. Attorney, respectfully submits its trial brief pursuant to the Court's Order.

Docs 34.

1

## INTRODUCTION

Defendant Ronald Ray Horner, is charged by indictment with the Charge: transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b).

## ANTICIPATED PROOF

On March 24, 2014, Ronald Horner (Defendant) was travelling north on I-15 and crossed the Coutts, Alberta border crossing into Canada.  The Defendant was sent to secondary inspection because he was acting suspiciously.  During secondary inspection, agents inspected a Toshiba laptop computer belonging to the Defendant.  On the laptop were over 200 files of child pornography.

**Specific Details**:

A.      **Initial contact and investigation.**  On March 24, 2014, at approximately 8:45 p.m., the Defendant, a U.S. citizen, attempted to enter Canada through the Coutts, Alberta border crossing.  The Defendant entered into Canada from Montana driving on Interstate 15 north.  The Defendant was referred to secondary inspection because he was, "behaving suspiciously."  The Defendant was asked if he had any electronics in his Freightliner tractor unit.  The Defendant admitted he had a laptop computer and cell phone.  The Defendant gave the agents the password to his laptop computer.  CBSA Inspector Trevor Slavens asked Defendant if the laptop would contain anything related to child pornography, and

the Defendant said no.

Inspector Slavens previewed the computer and observed numerous images of what appeared to be females under the age of 10 years old in bikinis and early teen females with their genitalia exposed. The Defendant was subsequently arrested by Canadian authorities for Possession of Child Pornography and Importation of Child Pornography. During the investigation, the Defendant was asked if he wanted to provide a statement, and he said, "no way, nice try." The Defendant was subsequently released after he saw a judge in Canada, but failed to appear at the court appearances and is currently wanted on the original Canadian offenses.

**B.     Canadian authorities forensically searched the laptop**. After Canadian authorities apprehended the Defendant, they obtained a search warrant and the laptop computer in question was forensically examined by Allen La Fontaine. La Fontaine is an agent with the Southern Alberta Child Exploitation Unit. The examination commenced on December 18, 2014.

The forensic examination of Defendant's laptop computer revealed over 200 files depicting child pornography images and videos. During this examination, LaFontaine also reviewed the Defendant's Google search history and uncovered search terms relevant to a user seeking child pornography.

Although many of the files were deleted, LaFontaine located images and video files were existing and had not been deleted.  "Link files" also existed on the laptop that led to child pornography.  LaFontaine will testify that he found evidence showing the Defendant was storing child pornography files on a removable storage device.  Specific images shown include sado/masochistic abuse and images of prepubescent children being penetrated vaginally and anally by an adult penis.  The average age of the children depicted is 5-8 year of age, but some children were as young as 2 or 3 years of age.

**C.    Horner indicted on federal charges and absconds.**  On May 4, 2016, the Grand Jury in the District of Montana indicted Ronald Horner for one count of Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b).  On June 7, 2016, Horner appeared in U.S. Magistrate Court in Great Falls, Montana, on the indictment.  He entered a plea of not guilty and was released on conditions.  The trial was set on October 17, 2016.

The conditions of release required Horner to be supervised by the United States Probation Office in Colorado Springs, restricted his travel, restricted access to computers and required electronic monitoring.  On September 2, 2016, the defendant's wife found a suicide note from her husband, Defendant Ronald Horner, at their residence.  A U.S. Magistrate Judge issued an emergency arrest

warrant.  After a search of his property, they were unable to locate the defendant.

During their continued efforts to locate the defendant, the USMS determined Ronald Ray Horner went to the post office on August 9, 2016, and requested an expedited passport.  Horner successfully obtained the passport.  On September 2, 2016, Defendant Ronald Horner cut his ankle bracelet (electronic monitoring) and left the apparent suicide note at his residence.  Defendant Ronald Horner crossed the border into Mexico, and boarded a flight from Mexico City to Chile on September 3, 2016.  On September 4, 2016, the defendant boarded a connecting flight to Uruguay.

When Horner returned to the United States in February 2017, agents seized his laptop and cell phone in Florida.  HSI SA Brent Johnsrud forensically examined the laptop and SA Andrew Remington seized the data from his cellular phone.  Relevant evidence was located including images of child pornography that were located on the laptop.

## ELEMENTS OF THE CRIME CHARGED & DEFINITIONS

In order to convict the Defendant of the crime set forth in the indictment, the government must prove the following elements beyond a reasonable doubt:

**The Charge: Transportation of Child Pornography, 18 U.S.C. § 2252(a)(2):**

First, that on or about March 24, 2014, the defendant knowingly transported a visual depiction using any means or facility of interstate or foreign

commerce, or in or affecting interstate or foreign commerce, by any means, including a computer;

Second, that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

Third, that such visual depiction was of a minor engaged in sexually explicit conduct;

Fourth, that the defendant knew that such visual depiction was of sexually explicit conduct; and

Fifth, the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

**Definitions:**

Visual depiction includes data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

A minor is any person under the age of 18 years.

The term "interstate commerce" includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia.

The term "foreign commerce" includes commerce with a foreign country.

The internet and a computer are each facilities of interstate or foreign commerce.

Sexually explicit conduct means actual or simulated:

(i)     sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(ii)    bestiality;

(iii)   masturbation;

(iv)    sadistic or masochistic abuse; or

(v)     lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition of the genitals" is defined by the *Dost* factors[1].

*United States v. Overton*, 573 F.3d 679, 686-87 (9th Cir. 2009).

*See* 18 U.S.C. §§ 2256(5), 2256(1), 2256 (2)(A), and 18 U.S.C. § 1030(e)(1).

**Forfeiture Allegation**:  In order for property to be forfeited, the United States would need to prove that the following property was used to facilitate the commission of the offense:

Toshiba Satellite laptop, serial number 3C072566R.

---

[1] The neither exclusive nor conclusive factors include: 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;  2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;  3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;  4) whether the child is fully or partially clothed, or nude; 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.  *United States v. Dost*, 636 F.Supp. 828, 832 (S.D.Cal.1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987).

## EVIDENCE ISSUES

**1.**      **Admitting Electronic Evidence:**  At trial, the government will seek to admit electronic evidence obtained during the course of this investigation.  The electronic evidence includes records, data, videos, photographs and other files obtained from the seized computer's hard drive in this case.  The electronic evidence was obtained during law enforcement's search of items seized from the Defendant's vehicle pursuant to secondary screening at the border and searched pursuant to a valid search warrant after Defendant gave Canadian officials his password.  As set forth below, courts have held this evidence is admissible under the Federal Rules of Evidence.

The foundational "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a).  Rule 901(a) only requires the government make a *prima facie* showing of authenticity or identification "so that a reasonable juror could find in favor of authenticity or identification." *See United States v. Chu Kong Yin*, 935 F.2d 990, 996 (9th Cir. 2011) *cert. denied*, 511 U.S. 1035 (1994); *see also Orr v. Bank of America*, 285 F.3d 764, 773 n. 6 (9th Cir. 2002) ("Once the trial judge determines there is *prima facie* evidence of genuineness, the evidence is admitted, and the trier

of fact makes its own determination of the evidence's authenticity and weight.")

Courts have uniformly rejected defense claims that a child pornography evidentiary exhibit cannot be authenticated unless the government first establishes that the person(s) depicted in the image are "actual minors" (as opposed to computer generated images of minors, altered or modified photographic images, or adults who look like minors) and that a testifying witness authenticating the exhibit must have met the minor or even been present when the original photo or video of the minor was taken. *See United States v. Salcido*, 506 F.3d 729, 733 (9th Cir.2007) cert. denied 128 S.Ct. 1918 (2008) (no expert is needed to prove that the images depict an actual minor); *United States v. Reardon*, 349 F.3d 608, 613 (9th Cir. 2003) (proof is obvious from the pictures themselves).

In *Salcido*, the defendant claimed the district court erred by admitting the video and image files into evidence because the government did not establish their authenticity. "The requirement of authentication prior to admissibility 'is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *Salcido*, 506 F.3d at 733 *citing* Fed.R.Evid. 901(a). The videos and images are properly authenticated when the government presents detailed evidence as to the chain of custody, specifically how the images were retrieved from the defendant's computers. *Id.*

Other courts have also rejected these claims because they conflate the issue of authentication of exhibits with the issue of weight and sufficiency of the evidence proving the elements of the offense charged. *United States v. McNealy*, 625 F.3d 858, 864-67 (5th Cir. 2010); *United States v. Berringer*, 601 F.Supp.2d 976, 979-80 (N.D. Ohio 2008). As a general matter, objections to the authenticity of an exhibit that are premised on challenging the "chain of custody" of the exhibit or the item that the exhibit was produced from, such as an image copy of a hard drive, go to the weight of the evidence rather than its admissibility. *See, e.g., United States v. Knowles*, 623 F.3d 381, 386-87 (6th Cir. 2010); *United States v. Gavegnano*, 305 F. App'x 954, 957- 58 (4th Cir. 2009); *United States v. Black*, 239 F. App'x 210, 214 (6th Cir. 2007).

**2.**     **Summary Exhibits of Electronic Evidence:** The forensic examiner has prepared several exhibits in this case. These exhibits are Rule 703 summary charts of the facts or data which stem from the records and files located on the Defendant's computer's hard drive, and will be offered into evidence as Rule 703 or 1006 summaries.

Rule 703 expert witness facts and data. A court has discretion under Rule 703 to provide the jury with the "facts or data" underlying an expert's opinion, and such material may be presented in the form of a summary chart. *United States v.*

10

*Janati*, 374 F.3d 263, 273 (4th Cir. 2004); *United States v. Milkiewicz*, 470 F.3d 390, 397-98 (1st Cir. 2008).  The timing and procedure is governed by Rule 705.

Rule 1006 Summaries.  Charts admitted pursuant to Rule 1006 summarize voluminous records.  These charts constitute substantive evidence, and their admissibility may not be dependent on the admission (as opposed to admissibility) in evidence of the underlying records.  *United States v. Johnson*, 594 F.2d 1253 (9th Cir.), *cert. denied*, 444 U.S. 964 (1979).   Yet, the underlying records may be in evidence, and a summary may still be admitted.  *United States v. Duncan*, 919 F.2d 981 (5th Cir.), *cert. denied*, 500 U.S. 926 (1991).

"Rule 1006 permits admission of summaries based on voluminous records that cannot readily be presented in evidence to a jury and comprehended.  It is essential that the underlying records from which the summaries are made be admissible in evidence, and available to the opposing party for inspection, but the underlying evidence does not itself have to be admitted in evidence and presented to the jury." *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011).  All of the electronic evidence, data and records in this case have been made available to the Defendant.

**3.** **Images Depicting Child Pornography**:  This case involves images and videos depicting child pornography.  In order to meet its burden of proof, the

government will need to display some of the images and videos to the jury.[2]  The

government proposes to display the images and videos via the courtroom electronic

evidence system.  However, because the electronic images and videos are

contraband, the government proposes that it mark the files located during the

_____

[2]Even when a defendant stipulates to the images, it is not an abuse of discretion to allow the jury to view the child pornography images that are charged in the indictment.  *See United States v. Ganoe*, 538 F.3d 1117, 1123-24 (9th Cir. 2008)("'The trial judge's job is to avoid unfair prejudice. The court is not required to scrub the trial clean of all evidence that may have an emotional impact.'  Here the record reflects that the district court used just about every tool at its disposal to minimize the inflammatory nature of the images. The district court limited the government to ten clips, each one lasting a few seconds, with a total duration of under one minute. The images were played only once. The district court gave two cautionary instructions, directing the jury to view the images in an impartial and unbiased manner. All of this was after careful voir dire on the subject during jury selection. Indeed, the jury's verdict demonstrates quite compellingly that the district court succeeded in avoiding unfair prejudice. . .")(citation omitted).  The Ninth Circuit has routinely held that a defendant's offer to stipulate to the pornographic content of images does not override the prosecution's choice to publish at least some of those images to the jury in order to help build the prosecution's case. *See, e.g., United States v. Endacott*, 479 F. App'x. 779 (9th Cir.2012) (district court did not abuse discretion where "the images themselves were indicia of [defendant's] knowledge"); *United States v. Lester*, 164 F. App'x 647 (9th Cir.2006) (rejecting defendant's reliance on *Merino–Balderrama* ); *United States v. Smith*, 54 F. App'x 282 (9th Cir.2003) (same); *see also United States v. Hay*, 231 F.3d 630, 638–39 (9th Cir.2000) (where images were not published to jury during trial, court did not err in later allowing jury to see three images upon request); *accord United States v. Cunningham*, 694 F.3d 372, 391 (3d Cir.2012) ("[C]ourts are in near-uniform agreement that the admission of child pornography images or videos is appropriate, even where the defendant has stipulated, or offered to stipulate, that those images or videos contained child pornography."); *United States v. Blank*, 2012 WL 6014577 (5th Cir. Dec. 4, 2012) (same).

forensic examination as exhibits and present them on a DVD (separate from the other exhibits which will also be presented to the clerk on a DVD).  The DVD containing child pornography will be clearly marked and offered into evidence. The government will move to have the explicit exhibits sealed.

The government also proposes displaying a limited number of those images and a short piece of videos during trial via the Forensic Examiner's laptop computer so as to not transfer or create duplicate images on the court-owned computer when they are displayed.  While the government will only seek to display a small sample to the jury, the government will have all of the images and videos available to the defendant and Court in the courtroom.

## LEGAL ISSUES

**1.     Outstanding Motions:**  There are no outstanding motions.

**2.     Stipulations:**  At the time of filing this brief, the parties have not reached any stipulations.

**3.     Defenses:**  The defendant has not given notice of the defense of alibi. Fed. R. Crim. P. 12.1.  In addition, the Defendant should be precluded from testifying or arguing an "innocent motive" defense.  A considerable body of jurisprudence rejects any kind of literary or innocent motive defense to child pornography offenses.  The First Amendment does not grant individuals, including bona fide

journalists, the authority to violate valid criminal laws applicable to the general public.  Child pornography is controlled contraband and thus is best analogized to another proscribed contraband, illicit drugs.  In the same way that individuals cannot legally trade in drugs to investigate drug cartels or doctors cannot maintain illegal stashes of narcotics in their homes to conduct side "research," they cannot do the same with child pornography.

To allow such defenses would invite every defendant charged with child pornography crimes to suddenly become a legitimate researcher or investigator. *See United States v. Fox*, 248 F.3d 394, 408 (5th Cir. 2001)(government does not have to prove defendant had a "guilty mind" stating that argument "seriously mischaracterizes the statute's scienter element: the government must prove that the defendant *knowingly*, i.e., voluntarily and intentionally, received child pornography, not that he had some degree of *mens rea*.")(emphasis in original). Thus, any effort by Defendant to raise an innocent motive argument would have no probative value, and would serve only to confuse, prejudice, and mislead the jury. *See* Fed. R. Evid. 401, 402 and 403.

**4.     Expert Notice & Expert Testimony:**  The government has filed a Notice of Expert Witness Disclosure relating to forensic examiner Mr. Allen LaFontaine of the Alberta Law Enforcement Response Team—Calgary Child Exploitation Unit.

Docs. 18 & 18-1.  The government has disclosed all of the expert's reports and records.  The government has also disclosed the CV of Certified Forensic Examiner Brent Johnsrud and notified the Defendant that Johnsrud would testify about his examination in this case.  SA Johnsrud conducted the forensic examination relating to the Rule 414 propensity evidence.  SA Johnsrud's report and results have been disclosed to the Defendant.

The Defendant has not filed a notice of an expert at trial or disclosed any expert reports.

5.    **414/404(b) Evidence:** The United States has filed a notice of intent to introduce 414 evidence and has made the evidence available to the Defendant. Rule 414 provides as follows:

> In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

Fed. R. Evid. 414(a).  The term "child molestation" includes a crime under state or federal law for any conduct proscribed under Chapter 110 of Title 18, which includes transportation of child pornography.  Fed. R. Evid. 414(d)(2); 18 U.S.C. § 2252(a).  The charged crime in the indictment (the crime for which the defendant is accused) falls under this definition as set forth in Rule 414(d)(2)(B) which permit the United States to seek admission of other act evidence for propensity.

15

The proposed 414 evidense is also "another offense" of child molestation. The term "child molestation" is defined as a crime under federal or state law involving . . .(B) any conduct prohibited by Chapter 110 under Title 18 . . . (F) an attempt or conspiracy to engage in conduct as described (A-E). Fed. R. Evid. 414(d). Conduct under Chapter 110 of Title 18 includes federal child pornography offenses such as 18 U.S.C. § 2252 including possession and receipt of child pornography, or the attempt to possess or receive child pornography.

Here, the Defendant returned to the United States in possession of a laptop computer. Upon examination, the forensic examiner located files depicting child pornography on that laptop. The Defendant's possession of files depicting child pornography on his laptop falls squarely under Rule 414(d)(2)(B). The evidence of his possession of child pornography should be admitted at trial.

Rule 414 makes an exception to Rule 404(b) to permit the introduction of propensity evidence of prior sexual misconduct. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000). Rule 403 provides that relevant evidence may be excluded, among other reasons, if "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R.Evid. 403. In evaluating whether to admit evidence under Rule 403, the court must consider (1) the similarity of the acts to the acts charged, (2) the closeness in time to the acts charged, (3) the frequency of the

acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial. *United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001)(citation omitted).

The fact that presence of child pornography on defendant's laptop is an uncharged act does not preclude admission under Rule 414.  While Rule 414 does not explicitly distinguish between charged and uncharged conduct, courts have widely read the rule to allow admission of uncharged conduct. *See, e.g., Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 151–52 (3d Cir. 2002) ("The practical effect of the new rules [e.g., Rule 414] is to put evidence of uncharged offenses in sexual assault and child molestation cases on the same footing as other types of relevant evidence that are not subject to a special exclusionary rule.") (citing 40 Cong. Rec. 23,603 (1994) (statement of Rep. Molinari)); *United States v. Sumner,* 119 F.3d 658, 662 (8th Cir. 1997) (citing same); *United States v. Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997) ("[U]nder Rule 414 the courts are to 'liberally' admit evidence of prior uncharged sex offenses."). *See also Glanzer*, 232 F.3d at 1269 ("We find the reasoning adopted by the Tenth and Eighth Circuits regarding the subservience of [Rule 414] to Fed. R. Evid. 403 is persuasive and we adopt it as a rule of law for this circuit.").

In addition, the United States also moves for admission of the evidence of child pornography on defendant's laptop seized in Florida under Rule 404(b).

17

Pursuant to Rule 404(b), evidence of other bad acts may be introduced if it is used for a purpose other than showing that an individual acted in conformity with his bad character on a given occasion.  Permissible purposes include "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). As the Ninth Circuit has explained,

> [t]he test for admitting evidence under 404(b) is whether: (1) it tends to prove a material fact; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the act; and (4) where knowledge and intent are at issue, the act is similar to that charged.

*United States v. Tsinnijinnie*, 91 F.3d 1285, 1288–89 (9th Cir. 1996) (citation omitted).

Here, this evidence establishes that the Defendant intended to transport child pornography. These other acts are not too remote in time. The fact that the evidence was on a laptop seized from the Defendant after he fled the country is sufficient to support a finding that he committed this other act.  Knowledge and intent are at issue in this case where the Defendant is expected to argue it was accidental or not "knowing."

Moreover, even if uncharged, these acts can be introduced into evidence under Rule 404(b). *See United States v. Hardick*, 766 F.3d 1051, 1056 (9th Cir. 2014) (uncharged child pornography videos were highly probation of defendant's knowledge and intent); *United States v. Phipps*, 523 Fed.Appx. 498, 500 (9th Cir.

2013) (*citing United States v. Curtin*, 489 F.3d 935, 959 (9th Cir. 2007) (en banc)) (written pornography stories were probative of his knowledge that the images he possessed contained child pornography and were admissible under 404(b)); *United States v. Schene*, 543 F.3d 627, 643 (10th Cir.2008) (affirming district court's admission of uncharged child pornography images for the purpose of proving the defendant's intent and knowledge); *United States v. Salcido*, 506 F.3d 729, 735 (9th Cir.2007) (per curiam) (affirming district court's admission of defendant's sexually explicit instant messaging chats for the purpose of proving the defendant's knowledge).

## WITNESSES

The United States may call the following witnesses at trial:

- CBSA BSO William McMillan
- CBSA BSO Trevor Slavens
- Forensic Examiner Allen La Fontaine
- RCMP Constable Travis Shaw
- Canadian ICE Constable Rob MacGregor
- Homeland Security Investigations SA Albert Kinsey
- Homeland Security Investigations SA Brent Johnsrud
- Homeland Security Investigations SA Shauna Willard
- Additional witnesses determined necessary at trial
- Rebuttal witnesses

## ANTICIPATED EXHIBITS

At this time, subject to additions, the United States anticipates using the following exhibits:

- Laptop computer
- Forensic reports and supplemental report
- Video files Charts
- Image files Charts
- EnCase Report
- Firefox Bookmarks Chart
- Firefox Form History Chart
- Firefox Web Visits Chart
- Google Search Chart
- Link File report
- Image files relating to 414/404(b) evidence
- Additional exhibits as determined necessary at trial

## **<u>LENGTH OF TRIAL</u>**

The United States expects the jury trial to last two days.

DATED this 29th day of March, 2017.

LEIF M. JOHNSON
Acting U.S. Attorney


*/s/ Cyndee L. Peterson*
CYNDEE L. PETERSON
Assistant United States Attorney

20

CERTIFICATE OF COMPLIANCE

Pursuant to L.R. CR 47.2(c) the word count of the attached brief contains 4,290

words, excluding caption, and certificates of service and compliance.


_/s/ Cyndee L. Peterson_____
Assistant United States Attorney