# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-40-GF-BMM |
| Plaintiff, | |
| vs. | **ORDER** |
| RONALD RAY HORNER, | |
| Defendant. | |

On March 13, 2018, the Court dismissed Defendant/Petitioner Horner's "motion to vacate" because Horner must proceed under 28 U.S.C. § 2255 and may not do so until his appeals are concluded. *See* Order (Doc. 103).

Horner submitted additional documents on March 26, 2018, claiming that the Court lacked jurisdiction to enter the criminal conviction. He purports to file a petition for writ of habeas corpus under the All Writs Act, 28 U.S.C. § 1651, and an "objection" to the Order of March 13, 2018.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided" simply by filing something else. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Extraordinary writs are not available to challenge the federal conviction or

1

sentence of a defendant, like Horner, who is in custody on the challenged conviction or sentence. *See, e.g.*, *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) (writ of error coram nobis); *see also Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (writ of habeas corpus under 28 U.S.C. § 2241); *Carrington v. United States*, 503 F.3d 888, 890-91 (9th Cir. 2007), *amended*, 530 F.3d 1183, 1184 (9th Cir. 2008); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) (writ of audita querela). The All Writs Act provides no assistance when no writs are available.

Again, because Horner filed a notice of appeal, he must direct his arguments to that court. If this Court lacked jurisdiction to convict and sentence Horner, the Ninth Circuit will advise. When the direct appeal process concludes, and if it is unsuccessful, Horner may file a motion under 28 U.S.C. § 2255. A § 2255 motion represents the only procedural mechanism that will be available to Horner. This Court will not hear challenges to the validity of Horner's conviction or sentence unless and until the direct appeal process concludes, and then only under 28 U.S.C. § 2255.

Accordingly, IT IS HEREBY ORDERED that Horner's recent submissions (Docs. 108, 108-1, 108-2) are DISMISSED. No action will be taken on them. The Court will not entertain challenges to the validity of Horner's conviction or sentence submitted before the direct appeal process concludes. If Horner files such

challenges, no action will be taken on them.

To the extent a certificate of appealability is required, it is DENIED because the procedural ruling is beyond question.

DATED this 16th day of April, 2018.

_____
Brian Morris
United States District Court Judge