IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. RONALD RAY HORNER, Defendant. | Cause No. CR 16-40-GF-BMM ORDER DISMISSING MOTION |

On March 13, 2018, the Court dismissed Defendant/Petitioner Horner's "motion to vacate" because Horner must proceed under 28 U.S.C. § 2255 and may not do so until his appeals are concluded. *See* Order (Doc. 103).

On March 26, 2018, Horner filed documents claiming the Court lacked jurisdiction to enter the criminal conviction. He purported to file a petition for writ of habeas corpus under the All Writs Act, 28 U.S.C. § 1651, and an "objection" to the Order of March 13. For the same reasons explained in the previous order, the Court denied Horner's requests. *See* Order (Doc. 110).

The latest order overlooked a motion to dismiss Horner filed on April 6,

1

2018 (Doc. 109). As already explained, Horner's appeal remains pending in the Ninth Circuit Court of Appeals under Cause No. 17-30240. "[F]iling of the notice of appeal conferred jurisdiction on the court of appeals and divested the district court of its control over those aspects of the case involved in the appeal." *United States v. Najjor*, 255 F.3d 979, 983 (9th Cir. 2001) (citing *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993)). No matter what form of motion Horner may choose to file, this Court has no authority at the present time to consider claims against the validity of Horner's conviction or sentence. *See, e.g., United States v. Pirro*, 104 F.3d 297, 299-300 (9th Cir. 1997) (holding remedy under 28 U.S.C. § 2241 and § 2255 unavailable while direct appeal is open). If Horner's jurisdictional claims are correct, the Court of Appeals may say so. This Court will not hear challenges to the validity of Horner's conviction or sentence unless and until the direct appeal process concludes.

Accordingly, IT IS HEREBY ORDERED that Horner's motion to dismiss (Doc. 109) is DISMISSED. No action will be taken on it. Whatever challenges Horner intends to make after conclusion of direct appeal must be filed anew at the appropriate time. If filed prematurely, the Court will not act on them.

To the extent a certificate of appealability is permitted, *see* 28 U.S.C. § 2253(c)(2), it is DENIED as the procedural ruling is beyond question. *See Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

DATED this 17th day of September, 2018.

_____
Brian Morris
United States District Court Judge